UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

            Plaintiff,

      v.                                              Case No. 16-cv-971-JPG-DGW

OFFICE OF THE FEDERAL DEFENDER,

            Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff William A. White's motion (Doc. 6) to stay collection of the initial partial filing fee and subsequent fee assessments ordered by the Court on September 20, 2016 (Doc. 5).   White offers no authority for his request other than the provision in the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), the law under which White brings this action, stating that Court may assess costs against the United States if the complainant under the act substantially prevails in the action.   He may substantially prevail either by a judicial order, an enforceable written agreement, a consent decree or a voluntary or unilateral change in the agency's position if the complainant's claim is not insubstantial.   *Id.*   This provision is normally invoked at the end of litigation once it becomes apparent whether a claimant has substantially prevailed.

This provision of FOIA does not relieve a FOIA plaintiff of his obligation under 28 U.S.C. § 1914(a) to pay his filing fee in advance unless authorized to proceed without prepayment or to proceed making partial payments under 28 U.S.C. § 1915, *see* Local Rule 3.1.   The Court has ordered that White may proceed under 28 U.S.C. § 1915(b) without full prepayment of fees by paying an initial partial filing fee of $163.53, with monthly payments thereafter (Doc. 6).   White has not provided any good reason for altering that order.   The Court therefore **DENIES** White's

motion (Doc. 6).

The Court further **ORDERS** White to pay his initial partial filing fee within 60 days of this order or demonstrate that he has no assets and no means by which to pay the initial partial filing fee.   If White fails to pay or make such a showing, the Court may dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its docket.   *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:   October 27, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**