UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

    Plaintiff,

v.

OFFICE OF THE FEDERAL DEFENDER FOR
THE MIDDLE DISTRICT OF FLORIDA,

    Defendant.

Case No. 16-cv-971-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of post-judgment motions filed by plaintiff William A. White. The Court dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous in light of the fact that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the statute under which this case was brought, does not apply to the defendant Office of the Federal Public Defender for the Middle District of Florida because it is within the judicial branch of the federal government.

**I. Motion to Strike (Doc. 14)**

White asks the Court to strike the Limited Entry of Appearance filed by the United States Attorney for the Southern District of Illinois (Doc. 11). The motion is **DENIED as moot** in light of the dismissal of this action as frivolous.

**II. Motion to Declare the Defendant Served (Doc. 15)**

White asks the Court to declare that the defendant Office of the Federal Public Defender for the Middle District of Florida has been served or, in the alternative, to order that service be attempted again and accomplished. The United States Marshal attempted to serve the defendant but returned the summons unexecuted, indicating the defendant "refused service." The motion is

**DENIED as moot** in light of the dismissal of this action as frivolous.

### III.     Motions to Alter or Amend Judgment (Docs. 16 & 17)

White asks the Court to alter its judgment of dismissal and to use its authority to liberally construe this action as falling outside FOIA.   He urges the Court to use its power to compel production of the documents he seeks from the defendant even if FOIA does not apply.

Under Federal Rule of Civil Procedure 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.   *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent."   *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).   Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.   *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

White has not pointed to anything warranting relief under Rule 59(e).   The Court therefore **DENIES** his motions (Docs. 16 & 17).   If White disagrees with the Court's disposition of this case, he is free to appeal the judgment to the Court of Appeals for the Seventh Circuit.   He has 60 days from entry of this order to file a notice of appeal.   *See* Fed. R. App. P. 4(a)(1)(B)(ii) & (a)(4)(A)(IV).

### IV.     Motion to Change Venue (Doc. 18)

White asks the Court to transfer this case to the United States District Court for the Middle District of Florida so that court may consider his request for relief under the inherent power of the

court or the power to compel. The motion is **DENIED as moot** in light of the dismissal of this action as frivolous. White is free to attempt to refile this lawsuit in the Middle District of Florida so that Court can consider any non-FOIA theory of relief.

## V. Motion to Amend (Doc. 19)

White asks the Court for leave to file an amended complaint that attempts to plead a cause of action under 28 U.S.C. § 1361, the statute authorizing issuance of a writ of mandamus.

"[A]fter a final judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b)." *Tavar v. Sharp*, 500 F. App'x 542, 543 (7th Cir. 2013) (citing *Foster v. DeLuca,* 545 F.3d 582, 583 (7th Cir. 2008); *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 790 (7th Cir. 2004)). Final judgment has been entered in this case, and it has not been vacated or set aside under Rules 59(e) or 60(b). Therefore, White may not amend his complaint at this time.

Even if the Court should have allowed White an opportunity to amend his complaint before dismissing it as frivolous, that amended complaint would have fared no better than his original complaint. In his amended complaint, White acknowledges that the defendant, who represented him in criminal proceedings, has sent him his "Federal Defendant File," but seeks a writ of mandamus compelling the defendant, to produce to him more documents, including communications, regarding him that are in its possession.

> It is manifest that the judiciary cannot compel through a writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty. The peremptory duty must be either a ministerial one or an obligation to act within a specified range of discretion. Finally, mandamus jurisdiction does not lie to direct the exercise of administrative discretion within its lawful boundaries.

*Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978) (internal citations

omitted). Mandamus is appropriate only where the defendant owes the plaintiff a clear nondiscretionary duty. *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (citing *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)).

In his proposed amended complaint, White refers only to FOIA as a substantive basis for his action; he has not pointed to any clear nondiscretionary duty enforceable by mandamus that would require a federal defender office to provide the documents White seeks from the defendant. Thus, White's proposed amended complaint fails to state a claim upon which mandamus relief could be granted, and the Court would have disallowed or dismissed that amended pleading. As noted above, White may refile this lawsuit in the Middle District of Florida asserting any non-FOIA cause of action he may think he has.

## VI. Conclusion

For the foregoing reasons, the Court **DENIES** White's motion to strike (Doc. 14), motion to declare the defendant served (Doc. 15), motions to alter or amend the judgment (Docs. 16 & 17), motion to change venue (Doc. 18) and motion for leave to amend the complaint (Doc. 19).

**IT IS SO ORDERED.**
**DATED:   August 24, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
